12-4758-cv
*Mitchell Frank v. Reassure Life Insurance Company,*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of December, two thousand thirteen.

PRESENT:
 JOSÉ A. CABRANES,
 PETER W. HALL,
 DENNY CHIN,
  *Circuit Judges.*

_____

MITCHELL FRANK,

  *Plaintiff-Appellant,*

 v.                                                      No. 12-4758-cv

REASSURE LIFE INSURANCE COMPANY,

  *Defendant-Appellee.*

_____

**FOR PLAINTIFF:**              MICHAEL S. HILLER, Weiss & Hiller, PC, New York, NY.

**FOR DEFENDANT:**             LINDA L. MORKAN (Theodore J. Tucci, Laura A. Torchio *on the brief*), Robinson & Cole LLP, Hartford, CT.

Appeal from an order of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's November 20, 2012 judgment is **AFFIRMED**.

Plaintiff Mitchell Frank ("Frank") appeals from the November 20, 2012 judgment of the District Court granting summary judgment to Reassure Life Insurance Co. ("Reassure") on Frank's breach of contract claim seeking payment of insurance proceeds pursuant to the terms of a disability insurance policy (the "Policy") administered by Reassure. Frank argues that the terms of the Policy require Reassure to pay disability benefits based on the effects of Frank's affliction with Alzheimer's disease for his lifetime. Reassure argues, and the District Court agreed, that Frank suffered only from Residual Disability during the period in which the Policy was in force and, because the terms of the Policy state that, in the circumstances here, Residual Disability benefits are payable only until age sixty-five, Frank was not entitled to further disability benefits after age sixty-five. Frank also argues that the District erred or "abused its discretion" by denying Frank leave to conduct discovery because of his failure to move pursuant to Federal Rule of Civil Procedure 56(d), and by granting summary judgment for Reassure before the parties had any discovery.

## BACKGROUND

### A.    The Policy

In 1987, Frank purchased the Policy,[1] which provides for monthly disability insurance benefits in the event that Frank becomes totally or residually disabled. The first page of the Policy contains the "Schedule of Benefits," which is specific to each Insured and, in Frank's case, provides for a "Total and Residual Disability Income Policy" payable through April 3, 2009. The stated "Benefit Period Limit" is "Lifetime" for both accident and sickness. App'x 39. The only exception to the "Lifetime" benefit period listed on the "Schedule of Benefits" page is that

> if disability begins [after the Insured's 56th birthday and before his 65th birthday] benefits payable after age 65 will be reduced to [a] percentage [as set forth in a schedule] of the monthly benefit payable immediately prior to age 65 [except that] if disability begins at age 63 or later, benefits will be payable for 2 years before they will be reduced.

App'x 39.

---

[1] The Policy was originally purchased from Maccabees Mutual Life Insurance Company and was transferred to Reassure in 1999.

2

Following the "Schedule of Benefits" page are the "General Provisions" of the Policy, which are standard provisions. The "Definitions" section, located on the first two pages, contains the following relevant definitions:

> **Benefit Period Limit** means the longest period of time that benefits will be paid for a Total or Residual Disability or combination thereof. The Benefit Period Limits are shown on the Schedule Page.

> **Total Disability** means that due to Accident or Sickness you cannot perform the material duties of your regular occupation and are not engaged in your own or another occupation. We will pay the Monthly Benefit shown on the Schedule Page for as long as you are Totally Disabled . . . but not beyond the applicable Benefit Period Limit for Accident or Sickness.

> **Residual Disability** means that you are engaged in your regular or another occupation and your Income is reduced due to Accident or Sickness by at least 20% of your Prior Income. We will pay a Residual Disability Monthly Benefit[2] for as long as you are Residually Disabled: If Residual Disability begins before your age 65. . . but not beyond the applicable Benefit Period Limit. We will not pay Residual Disability Benefits beyond your age 65 unless Disability began on or after your 63rd birthday and before your 65th birthday. In such a case, we will pay Residual Disability Benefits for a maximum of 2 years.[3]

App'x 40-41.

## B. Frank's Disability

Frank first sought treatment for memory loss in 2007 at the age of sixty-two, although his functional disability from the disease began in approximately 2003. He continued working full-time until 2008, and worked in some capacity as a Financial Advisor until November 2010. On September 27, 2010, after the Policy expired in 2009, Frank's wife, Joy Frank ("Joy"), contacted Reassure about submitting a claim for disability benefits based on Frank's diagnosis with Alzheimer's. In December 2010 and January 2011, Reassure informed Joy that Frank appeared eligible for Partial Disability and Residual Disability benefits from the time he was first treated for his condition in March, 2007 through May 15, 2009, when he turned sixty-five.[4] App'x 91, 158. Reassure based this conclusion on "all of the medical records that [Reassure had requested] from [Frank's] medical providers as well as an Attending Physician Statement form." *Id.* at 90.

---

[2] The Residual Disability Monthly Benefit is equal to the Monthly Benefit shown on the Schedule Page multiplied by the Percentage Loss of Monthly Income. App'x 41.

[3] The Policy also provides that the Insured must be under the regular care of a licensed physician in order to be eligible for benefits under the Policy. App'x 43.

[4] Frank cancelled his policy in 2008. However, due to his condition, Reassure reinstated the Policy and agreed to pay benefits dating back to March 2007. App'x 91.

## DISCUSSION

### A. Policy Interpretation

Frank contends that the District Court failed to interpret the Policy according to its plain terms, and construing any ambiguities in favor of the Insured as required by New Jersey law.[5]  He further argues that even if the Policy, when read as a whole, supports Reassure's interpretation, where that interpretation conflicts with the reasonable expectations of the Insured, the Insured's reasonable expectations should be honored.  Appellant's Br. at 36.

Under New Jersey law, a court interpreting an insurance contract must "first examine the plain language of the policy and, if the terms are clear, they are to be given their plain, ordinary meaning." *Pizzullo v. N.J. Mfrs. Ins. Co.*, 952 A.2d 1077, 1088 (N.J. 2008) (internal quotation marks omitted).  Where, however, "there is ambiguity . . . courts interpret the contract to comport with the reasonable expectations of the insured, *even if a close reading of the written text reveals a contrary meaning.*" *Id.* at 1089 (emphasis supplied); *see also Lehrhoff v. Aetna Cas. & Sur. Co.,* 638 A.2d 889, 893 (N.J. Super. Ct. App. Div. 1994) ("An important corollary of the reasonable-expectation doctrine . . . is that reasonable expectations will, in appropriate circumstances, prevail over policy language to the contrary.").[6]

While "recogniz[ing] the important role that declarations sheets play in informing an insured about the parameters of insurance coverage," as "'the one page most likely to be read and understood,'" *Pizzullo*, 952 A.2d at 1090 (quoting *Zacarias v. Allstate Ins. Co.,* 775 A.2d 1262, 1269-70 (N.J. 2001)), the New Jersey Supreme Court has made clear that "an insurance contract is not *per se* ambiguous because its declarations sheet, definition section, and exclusion provisions are separately presented." *Zacarias*, 775 A.2d at 1270.  The question is whether, based on an "analysis of the [Schedule of Benefits], as compared to the limits of coverage contained elsewhere in the policy, . . . the general definition section would 'unfairly defeat the insured's reasonable expectations' of coverage." *Id.* at 1269 (quoting *Lehroff*, 638 A.2d at 894).

Frank's proposed interpretation is entirely reasonable if one stops reading at the Schedule of Benefits page, but it ceases to be so when read in conjunction with the next two pages, which define important terms referenced on the Schedule of Benefits page.  Here, a policyholder would learn that Residual Disability Benefits are subject to stricter limitations than those set forth in the Schedule of Benefits, which establishes the *longest* period for which benefits will be paid. *Zacarias* makes clear that the primacy of the personalized Schedule of Benefits page does not relieve a policyholder of the obligation to carefully review the general provisions of the Policy.  775 A.2d at 1070.  We conclude,

---

[5]  Although the parties initially disagreed as to which state's law governed Frank's claims, they appear to agree on appeal that New Jersey law governs.

[6]  The District Court relied on the rule that "the Court [should] not read an ambiguity into a contract by creating a conflict between provisions that need not exist" and should "avoid 'reading the contract in such a way as to make any words meaningless.'"  Special App'x 28-29.  The doctrine of "reasonable expectations," under New Jersey law, however, recognizes that while a court, or an insurance company may be well-equipped to synthesize different and, on their face, inconsistent provisions of a contract, a policy holder may be less able to do so.  *See, e.g., Zacarias*, 775 A.2d at 1264, 1268.

4

therefore, that Frank's reasonable expectations should have been informed, not only by the Schedule of Benefits, but also by the General Definitions section on the following two pages. Accordingly, we affirm the judgment of the District Court insofar as it held that the Policy unambiguously limited Residual Disability Benefits to those accruing before age sixty-five where the Sickness in question began prior to age sixty-three.

## B. Discovery

Frank also contends that the District Court "abused its discretion" by granting summary judgment for Reassure without affording Frank any discovery. Appellant's Br. at 41. Because Frank has identified no discovery which, if obtained, would alter our conclusion that Reassure has fulfilled its obligations, it was not an "abuse of discretion" not to permit Frank to conduct further discovery.

## CONCLUSION

We have reviewed the record and Frank's arguments on appeal and find them to be without merit for the reasons stated above. Accordingly, we **AFFIRM** the November 20, 2012 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

5